WMN:GMP
F.#2012R00377

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

    - against -

JUAN JUAREZ OROSCO,
also known as "El Abuelo," "El
Quemado," "Adam Robles" and "Jorge
Castro Moreno,"

    Defendant.

- - - - - - - - - - - - - - - - -X

I N D I C T M E N T

Cr. No. _____
(T. 18, U.S.C., §§ 3238
and 3551 et seq.;
T. 21, U.S.C., §§ 853(a),
853(p), 959(c),
960(b)(1)(B)(ii) and 963)

THE GRAND JURY CHARGES:

<u>INTERNATIONAL COCAINE DISTRIBUTION AND IMPORTATION CONSPIRACY</u>

    1. On or about and between January 1, 1992 and March 14, 2012, both dates being approximate and inclusive, within the extraterritorial jurisdiction of the United States, the defendant JUAN JUAREZ OROSCO, also known as "El Abuelo," "El Quemado," "Adam Robles" and "Jorge Castro Moreno," together with others, did knowingly and intentionally conspire to (a) import a controlled substance into the United States from a place outside thereof, and (b) distribute a controlled substance, intending and knowing that such substance would be unlawfully imported into the United States from a place outside thereof, which offenses involved five kilograms or more of a substance containing cocaine, a Schedule II controlled substance, all contrary to

Title 21, United States Code, Sections 952(a), 959(a), 960(a)(1) and 960(a)(3).

(Title 18, United States Code, Sections 3238 and 3551 et seq.; Title 21, United States Code, Sections 959(c), 960(b)(1)(B)(ii) and 963)

## CRIMINAL FORFEITURE ALLEGATION

2. The United States hereby gives notice to the defendant that, upon his conviction of the offense charged, the government will seek forfeiture in accordance with Title 21, United States Code, Section 853(a), which requires any person convicted of such offense to forfeit any property constituting, or derived from, proceeds obtained, directly or indirectly as a result of such offense, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of such offense.

3. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

3

    (d) has been substantially diminished in value; or

    (e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

    (Title 21, United States Code, Sections 853(a) and 853(p))

                A TRUE BILL

                _____
                FOREPERSON

_____
LORETTA E. LYNCH
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

ARTHUR G. WYATT, CHIEF
NARCOTIC & DANGEROUS DRUGS
SECTION, CRIMINAL DIVISION
U.S. DEPARTMENT OF JUSTICE